UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIELLE FORD,<br><br>          Plaintiff,<br><br>vs.<br><br>MIDLAND FUNDING LLC,<br><br>          Defendant. | Case No.: 19-CV-2349 JLS (AGS)<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS***<br><br>(ECF No. 2) |

  Presently before the Court is Plaintiff Danielle Ford's Motion to Proceed *in Forma Pauperis* ("IFP") ("Mot.," ECF No. 2). On December 9, 2019, Plaintiff, proceeding *pro se*, filed an action alleging defamation, negligence, emotional distress, and violations of the Fair Debt Collection Practices Act and Fair Credit Reporting Act against Defendant Midland Funding LLC. *See generally* ECF No. 1 ("Compl.").

  All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay filing and

/ / /

/ / /

/ / /

/ / /

1

1 administration fees totaling $400.[1]  28 U.S.C. § 1914(a).  A court may, however, in its
2 discretion, allow a plaintiff to proceed without paying these fees if the plaintiff seeks leave
3 to proceed IFP by submitting an affidavit demonstrating the fees impose financial hardship.
4 *See* 28 U.S.C. § 1915(a); *Escobeda v. Applebees*, 787 F.3d 1226, 1234 (2015).  Although
5 the statute does not specify the qualifications for proceeding IFP, the plaintiff's affidavit
6 must allege poverty with some particularity.  *Escobeda*, 787 F.3d at 1234.  Granting a
7 plaintiff leave to proceed IFP may be proper, for example, when the affidavit demonstrates
8 that paying court costs will result in a plaintiff's inability to afford the "necessities of life."
9 *Id.*  The affidavit, however, need not demonstrate that the plaintiff is destitute.  *Id.*

In *Escobeda*, for example, the filing fees constituted forty percent of the plaintiff's monthly income before factoring in her expenses.  *Id.* at 1235.  Taking into account the plaintiff's rent and debt payments, the filing fee would have required the entirety of two months' worth of her remaining funds, meaning that the plaintiff "would have to forgo eating during those sixty days, to save up to pay the filing fee."  *Id.*  Under those circumstances, the Ninth Circuit determined that paying the filing fee would constitute a significant financial hardship to the plaintiff.  *Id.*  Accordingly, the court reversed the magistrate judge's ruling denying the plaintiff IFP status.  *Id.* at 1236.

Here, the Court concludes that Plaintiff has not met her burden of demonstrating that payment of the filing fee would constitute an undue financial hardship.  Plaintiff's affidavit indicates her gross monthly income is $2,700.00, Mot. at 1–2, and her monthly expenses total $2,700.00.  *Id.* at 4–5.  Plaintiff reports no assets, *see id.* at 3, including no funds in her checking account.  *See id.* at 2.  Plaintiff also receives Section 8 housing.  *See id.* at 5.  Plaintiff also asserts that she is a single mother of seven children, *see id.*, although she lists only three children in her affidavit.  *See id.* at 3.

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016)).  The additional $50 administrative fee does not apply to persons granted leave to proceed IFP.  *Id.*

Nonetheless, the $400 filing fee is approximately 15% of Plaintiff's gross monthly income before factoring in her expenses, and it appears that Plaintiff still would be able to afford the necessities of life if required to pay the filing fee. For example, Plaintiff budgets $600 per month—$7,200 per year—for clothing alone. *See id.* at 4. The Court understands that Plaintiff's clothing budget may not be entirely discretionary given that she is a single mother; however, one months' clothing allowance far exceeds the cost of the filing fee. Because it appears Plaintiff has sufficient income to afford life's necessities in addition to the filing fee, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion.

## CONCLUSION

Good cause appearing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion pursuant to 28 U.S.C. § 1915(a) (ECF No. 2) is **DENIED WITHOUT PREJUDICE**;

2. Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** for failure to prepay the filing fee mandated by 28 U.S.C. §1914(a); and

3. Plaintiff is **GRANTED** <u>thirty (30) days</u> from the date on which this Order is electronically docketed to either (1) pay the entire $400 statutory and administrative filing fee, or (2) file a new IFP Motion alleging she is unable to pay the requisite fees.

**IT IS SO ORDERED.**

Dated: March 30, 2020

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge